J-S27019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW TERRY INGRAM | : | |
| | : | |
| Appellant | : | No. 505 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 14, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001106-2022

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                                **FILED APRIL 03, 2024**

Andrew Terry Ingram appeals from the judgment of sentence of seventy-two hours to six months of incarceration imposed following his convictions of three counts of driving under the influence ("DUI") and one count of failing to drive on the right side of the roadway. Upon review, we affirm.

We previously summarized the procedural and factual history as follows:

This case stems from a traffic stop conducted by Pennsylvania State Police ("PSP") Trooper Alexander Loder [around midnight] on June 13, 2022. Trooper Loder was driving behind Appellant when Trooper Loder observed Appellant's front and rear driver's side tires cross the double yellow centerline. Appellant continued to travel with a portion of his vehicle over the centerline for sixteen seconds. Trooper Loder initiated a traffic stop and Appellant complied by pulling over. The trooper approached Appellant and, upon speaking with him, smelled a strong odor of burnt marijuana and noticed that Appellant had bloodshot eyes. Appellant stated that he had smoked marijuana twenty to thirty minutes before the stop. Trooper Loder conducted field sobriety tests and ultimately

concluded that Appellant was under the influence of marijuana and could not safely drive. Appellant was arrested and subsequently consented to a blood draw, which revealed the presence of marijuana.

On January 6, 2023, Appellant proceeded to a combined suppression hearing and bench trial. [At the hearing, the Commonwealth presented a dashcam video that recorded the stop and the events immediately preceding it.] The trial court denied Appellant's suppression motion, found him guilty as indicated above, and sentenced him. This timely appeal followed. The trial court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement, but none was filed. The court issued a statement suggesting the appeal be dismissed as a result. Over one month later, counsel filed an untimely concise statement on Appellant's behalf, raising a single issue challenging the sufficiency of the evidence. Counsel then filed in this Court [an application to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)], presenting the same sufficiency challenge as the only issue arguably supporting an appeal.

Given this procedural posture, and the fact that the certified record was missing material items, we denied counsel's petition, remanded for counsel to ensure inclusion within the certified record of all necessary materials, and directed the trial court to file a Rule 1925(a) opinion in response to the untimely Rule 1925(b) statement.

**Commonwealth v. Ingram**, 307 A.3d 685, 2023 WL 6999363, at *1 (Pa.Super. 2023) (non-precedential decision) (cleaned up).

Ultimately, the trial court filed a Rule 1925(a) opinion. Counsel supplemented the record with all pertinent evidence, including the dashcam video, and filed an advocate's brief. Accordingly, the matter is now ripe for our review, and we proceed to the merits of Appellant's sole issue on appeal: "Did the trial court err in finding sufficient evidence to establish a violation of

[§] 3301 of the Motor Vehicle Code, based on Appellant's momentary and slight crossing of the double yellow line without impeding any other vehicle traveling on that section of roadway at this time?" Appellant's brief at 3.

While at first appearing to challenge the sufficiency of the evidence, Appellant in actuality assails the trial court's denial of his suppression motion based upon the court's finding that the trooper had probable cause to stop his vehicle for violating 75 Pa.C.S. § 3301.[1] We consider such a claim mindful of the following legal principles:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

---

[1] The Commonwealth argues that we should find the suppression issue waived for failure to clearly articulate it in the Rule 1925(b) statement. **See** Commonwealth's brief at 8. However, since the trial court readily identified the precise issue Appellant sought to raise on appeal and addressed it in its Rule 1925(a) opinion upon remand, we decline to find waiver.

***Commonwealth v. Prizzia***, 260 A.3d 263, 266 (Pa.Super. 2021) (cleaned up).

It is undisputed that the trooper stopped Appellant's vehicle because he crossed the double yellow centerline, which is prohibited by § 3301.[2]  Since the stop was based upon a perceived traffic violation that required no further investigation, Trooper Loder needed to have probable cause for it to pass constitutional muster.  ***Id***. at 267.  In that regard, we reiterate "that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense."  ***Id***. (cleaned up).

The trial court found that Appellant had driven his vehicle "with its front and rear driver's side tires over the double yellow centerline for over [sixteen] seconds" for "no valid reason[.]"  Trial Court Opinion, 8/29/23, at 7.  Based upon Appellant's violation of § 3301, the court held that Trooper Loder had probable cause to initiate the traffic stop.  ***Id***.  Appellant contends that these factual findings are not supported by the record.  ***See*** Appellant's brief at 16.  In particular, he argues that the dashcam video contravenes Trooper Loder's testimony, showing his tires on the centerline, but not across it, except for perhaps two seconds.  ***Id***. at 17.  Consequently, he maintains that this fleeting infraction cannot support a finding of probable cause.  ***Id***. at 18-19.  In

_____

[2] Section 3301 of the Vehicle Code provides, except for delineated exceptions: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway[.]"  75 Pa.C.S. § 3301(a).

support, Appellant relies on this Court's prior declaration that we were "not foreclos[ing] the possibility that a momentary and minor violation of § 3301 might, in a different case, be insufficient to establish probable cause for a vehicle stop." *Commonwealth v. Enick*, 70 A.3d 843, 847 (Pa.Super. 2013).

Upon review, we do not find this to be that case. At the suppression hearing, Trooper Loder testified that as he traveled behind Appellant's vehicle, he "observed the vehicle cross over the center double-yellow line for approximately [sixteen] seconds." N.T. Suppression, 1/6/23, at 7. From that vantage point, Appellant "was clearly over the double-yellow line." *Id*. at 9. Our review of the dashcam video does not undermine this testimony. Preliminarily, it bears mentioning that the video is visually grainy and the extreme contrast between the low-light nighttime conditions and bursts of overexposure from vehicle and streetlights makes it difficult to ascertain the precise location of the vehicle's tires in relation to the centerline during the thirty-second range from 0:17, when the dashcam begins to continuously capture the vehicle, to 0:47, when the vehicle comes into clearer focus. Once in focus, though, the front and rear tires of the driver's side of the vehicle are plainly past the near-line of the double-yellow division, and wavering on and past the far-line, until the vehicle drifts back into the appropriate lane around 0:50.

Based on the foregoing, we determine that the trial court's factual findings are supported by the record and, consequently, that Appellant's

violation of § 3301 was neither minor nor momentary. Discerning no error in the court's conclusion that Trooper Loder had probable cause to stop the vehicle for a violation of § 3301, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/03/2024